UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| LARRY O. WHITE JR., | Case No. 1:24-cv-270 |
| Plaintiff, | |
| vs. | Judge Matthew W. McFarland |
| | Magistrate Judge Peter B. Silvain, Jr. |
| ODRC DIRECTOR, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION[1]

This case is before the Court upon Plaintiff's "Motion To Drop Defendant From Civil Complaint (Le.C.I.'s Aramark Director Hynike)." (Doc. #40). Defendants have not filed a response to Plaintiff's Motion, and the time for doing so has elapsed.

Plaintiff requests that the Court "drop" Defendant Hynike, the Aramark Director at Lebanon Correctional Institution, from this case. *Id.* Plaintiff explains that, upon further investigation, he discovered that Defendant Hynike was not at fault for his employee's actions regarding substitutions to Plaintiff's meals. *Id.* at 267. Thus, according to Plaintiff, Defendant Hynike "should not be held responsible for their actions." *Id.*

Although Plaintiff does not identify the federal rule governing his Motion, the undersigned construes Plaintiff's request to be made pursuant to Fed. R. Civ. P. 21, which allows the Court to dismiss all claims against an individual defendant. *See Siddhar v. Sivanesan*, No. 2:13-CV-747,

---

[1] Attached is a NOTICE to the parties regarding objections to the Report and Recommendation.

2013 WL 6504667, at *1 (S.D. Ohio Dec. 11, 2013) (Kemp, M.J.), *report and recommendation adopted,* No. 2:13-CV-00747, 2014 WL 46540 (S.D. Ohio Jan. 6, 2014) (Sargus, D.J.).

Here, there has been no objection to Plaintiff's request to dismiss Defendant Hynike. Consequently, and for good cause, it is recommended that Plaintiff's Motion (Doc. #40) be **GRANTED.**

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's "Motion To Drop Defendant From Civil Complaint (Le.C.I.'s Aramark Director Hynike)" (Doc. #40) be **GRANTED.**

December 18, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).