**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LARRY WHITE, | : | Case No. 1:24-cv-270 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| ODRC DIRECTOR, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

This case is before the Court upon *pro se* Plaintiff's "Objection to Defendant's Responses to Plaintiff's Request for Production of Documents and Request for Deadline for Defendants to Produce Requested Documents"[1] (Doc. #38), Defendants' Motion for Leave to File Response to Plaintiff's Motion *Instanter* (Doc. #41), and Plaintiff's Response to Defendants' Motion (Doc. #42).

**I.      Defendants' Motion for Leave to File Response to Plaintiff's Motion Instanter**

In Defendant's Motion, Defendants request leave to file their response to Plaintiff's motion *instanter.* (Doc. #41). Defendants' counsel, who missed the response deadline by one day, explains that she missed the deadline due to other pressing case obligations, namely a deposition in another county. *Id.* at 272. Plaintiff objects to Defendants' request, noting that this is the second time Defendants have attempted to file an untimely response. (Doc. #42, *PageID* #278).

---

[1] The Court construes Plaintiff's filing (Doc. #38) as a motion to compel discovery.

Given that Defendants filed their Motion one day after the response deadline and that no prior extensions have been granted, Defendants' Motion (Doc. #41) is hereby **GRANTED**. Defendants' Response (Doc. #41-1) is accepted as filed.

## II.     Plaintiff's Motion to Compel

In his Motion, Plaintiff asserts that he received Defendants' response to Plaintiff's request for documents on September 25, 2025.  (Doc. #38, *PageID* #252).  Although Defendants provided some of the requested documents, Defendants did not provide: (1) "All electronic facility messages issued by Le.C.I.'s Chaplin Department via Chaplin Smith and Chaplin Palmer's office from July 2023 – Present," and (2) "Restrictive Housing monitor sheets which are posted on every cell door in Restrictive Housing and depicts meals, showers, recreation[,] etc., and [whether] they were [received] or refused. 3-10-24 to 4-1-24[.]"  *Id.* at 251-53.  Plaintiff asks the Court to compel Defendants to produce both sets of documents.  *Id.* at 254.

The Federal Rules of Civil Procedure state that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).

If the opposing party fails to produce requested discovery documents, a party may file a motion to compel.  Fed. R. Civ. P. 37(a)(1).  When filing a motion to compel, the moving party must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.*  Additionally, pursuant to the Local Rules of this Court, the parties must first exhaust "extrajudicial means for resolving their differences" before filing a motion related to discovery.  S.D. Ohio Civ. R. 37.1.  *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2010 U.S. Dist. LEXIS 35585, at *2 (S.D. Ohio Apr. 12, 2010) (McCann

King, M.J.) ("The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court.").

Additionally, "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio Oct. 7, 2010) (McCann King, M.J.) (citation omitted). "While a plaintiff should 'not be denied access to information necessary to establish her claim,' a plaintiff may not be 'permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Johnson v. Gallia Cty. Comm'rs*, No. 2:20-CV-65, 2021 U.S. Dist. LEXIS 34173, at *4 (S.D. Ohio Feb. 24, 2021) (Preston Deavers, M.J.) (quoting *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016)).

Plaintiff failed to comply with not only the Local Rules of this Court, but also the Federal Rules of Civil Procedure. *See Steinmetz v. Harrison*, No. 1:14-CV-829, 2015 U.S. Dist. LEXIS 97046, at *3 (S.D. Ohio July 24, 2015) (Litkovitz, M.J.). Under the Local Rules of this Court, Plaintiff must exhaust all extrajudicial means for resolving discovery deficiencies prior to asking this Court to intervene. S.D. Ohio Civ. R. 37.1. Plaintiff must also include a certification affirming his efforts to confer with Defendant in good faith pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(1).

Plaintiff did not disclose any efforts to confer with Defendant prior to filing his Motion, nor did Plaintiff attach supplemental documentation to his Motion demonstrating an effort to confer with Defendant via external communications or outreach. (Doc. #38). Plaintiff could have communicated with Defendant in good faith via "telephone, letter correspondence, or email," but failed to do so. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 464 (S.D. Ohio 2015) (Newman,

3

M.J.). Defendants' counsel noted in her Response that "Plaintiff never served the undersigned with any objections, much less make any effort to meet and confer with her, before seeking the intervention of the Court to obtain the discovery he now seeks." (Doc. #41-1, *PageID* #275). Plaintiff disagrees with Defendants, arguing that he "has sent multiple [correspondences] to Defense Counsel via regular U.S. mail requesting all above mentioned documents, yet, plaintiff has been stonewalled in his efforts." (Doc. #42, *PageID* #282). However, Plaintiff indicates that he received Defendants' responses to his requests for production of documents on September 22, 2025, and Plaintiff filed his Motion September 29, 2025. (Doc. #38, *PageID* #252). There is no indication that Plaintiff conferred Defendants' counsel after he received the response and prior to filing his Motion.

In sum, Plaintiff did not confer in good faith and also failed to exhaust extrajudicial remedies prior to filing his Motion. As a result, Plaintiff's Motion to Compel Discovery did not satisfy the procedural requirements of this Court. Accordingly, Plaintiff Motion to Compel Discovery (Doc. #38) is **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion for Leave to File Response to Plaintiff's Motion *Instanter* (Doc. #41) is **GRANTED**. Defendants' Response (Doc. #41-1) is accepted as filed; and

2. Plaintiff's Motion to Compel Discovery (Doc. #38) is **DENIED**.

June 23, 2026                                    *s/Peter B. Silvain, Jr.*
                                                 Peter B. Silvain, Jr.
                                                 United States Magistrate Judge

4